UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ALEXIS DULWORTH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:19-cv-00344-JPH-DLP |
| | ) |
| WARDEN, Rockville Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Alexis Dulworth petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number RTC 19-04-0228. For the reasons explained in this Order, Ms. Dulworth's petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## B. The Disciplinary Proceeding

On April 9, 2019, Indiana Department of Correction (IDOC) Sergeant Robert Ruark wrote a Report of Conduct charging Ms. Dulworth with battery, a violation of the IDOC's Adult Disciplinary Code offense B-212. The Report of Conduct provides:

> On 4/9/2019 at approximately 11:35 pm, I Sgt. Robert Ruark and Sgt. Aaron Cavazos spoke with offender Dulworth, Alexis DOC # 263455 in the foyer of Dorm 5. While speaking with offender Dulworth, she did admit to entering Room H of Dorm 5 and entering into a physical altercation with Offender Gaskill, Ashley Doc # 259655, which did cause injury to offender Gaskill. Gaskill was escorted to the infirmary, and offender Dulworth was placed in mechanical restraints and escorted to restrictive housing.

Dkt. 8-1. A supplemental conduct report was made on the same day by Sergeant Cavazos that contained essentially an identical version of the facts reported by Sergeant Ruark. Dkt. 8-2.

Ms. Dulworth was notified of the charge on April 17, 2019, when she received the Screening Report. Dkt. 8-3. She pled not guilty to the charge, asked to call three witnesses—Ashley Gaskill, Megan Wyland, and Madelyn Goodman—and requested the video recording of the incident.

Disciplinary Hearing Officer Sherry Sasin viewed the video recording and made this report:

> At 10:34:12/pm you see on cameras offender Dulworth, Alexis # 263455 enter room H go directly to bed 16, and hit multiple times offender Gaskill, Ashley DOC #259655 in head/face area then exiting room at 10:34:22/pm.

Dkt. 8-6. A copy of the report was provided to Ms. Dulworth on April 23, 2019. *Id.*

Offender Ashley Gaskill gave a written statement:

> At the time it happened really fast and I didn't believe I did anything to retaliate but afterwards I've been told I did reach out and it was more than to defend myself. It was a petty disagreement that escalated quickly but I consider Offender Dulworth a friend and do not want to see her lose her time cut over a mutual mistake.

Dkt. 8-7.

> Offender Madelyn Goodman gave this written statement:
>
> On 4.9.19 I seen offender Dukworth and Gaskill both in a physical altercation. They had a hold of each others hair & was both hitting each other.

Dkt. 8-8.

> Offender Megan Wyland gave this written statement:
>
> On 4/9/19 I Megan Wyland was walking with someone and heard Alexis Dulworth and ashley gaskil arguing in Room H. I went into the room once I saw the two of the throwing punches and grabbing each others hair. I had to get in between the two of them and push both of them apart and remove gaskills hands from dulworths hair.

Dkt. 8-9 [sic].

The disciplinary hearing was held on May 1, 2019. Ms. Dulworth stated, "I'm not guilty of class B, but am of a class C fighting." Dkt. 8-5. Based on Ms. Dulworth's statement, the video evidence, the staff reports, and the witness statements, the hearing officer found Ms. Dulworth guilty of the B-212 battery offense. The sanctions imposed included a thirty-day earned-credit-time deprivation and a suspended credit-earning class demotion.

Ms. Dulworth appealed to the Facility Head and the IDOC Final Reviewing Authority, and both appeals were denied. Dkts. 10 & 11. She then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent has filed her return. Dkt. 8. Ms. Dulworth did not file a reply.

    **C.**    **Analysis**

Ms. Dulworth raises two issues in her petition. First, she argues that Offender Ashley Gaskill's statement reported that Ms. Gaskill was "fighting back." Second, she argues that she told the reporting officers that she had been in a physical altercation where the other offender had hold of her hair and threw her own punches. Dkt. 1 at 2. Both issues are challenges to the sufficiency of the evidence.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

In this disciplinary case there is sufficient evidence to support the hearing officer's decision. The hearing officer heard Ms. Dulworth admit at the hearing that she was guilty of being in a fight, saw video evidence to support the admission, and reviewed the officers' reports indicating that Ms. Dulworth had admitted to being in a physical altercation with the other offender. Moreover, the other participant in the fight identified Ms. Dulworth as fighting with her, and two other offenders also confirmed Ms. Dulworth's involvement in the fight. Dkt. 8-5. This evidence is sufficient to satisfy the "some evidence" standard.

If Ms. Dulworth intended to present a self-defense argument to obtain habeas corpus relief, that argument would also be meritless. The Seventh Circuit has consistently held that there is no constitutional right to self-defense in a prison disciplinary context, and evidence of self-defense is not exculpatory. *See Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011); *Scruggs*, 485 F.3d at 938-39; *Rowe v. DeBruyn*, 17 F.3d 1047, 1049 (7th Cir. 1994).

Ms. Dulworth's argument that her conduct better fits the Class C offense of fighting rather than the Class B offense of battery is a request for the Court to re-weigh the evidence and select

the most appropriate offense. The Court does not re-weigh evidence but only assesses whether there is some evidence to support a conviction on the charge pursued by prison officials. *See Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018); *Calligan v. Wilson*, 362 F. App'x 543, 545 (7th Cir. 2009) (citing *Hill*, 472 U.S. at 455; *Scruggs*, 485 F.3d at 941).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Ms. Dulworth to the relief she seeks. Accordingly, Ms. Dulworth's petition for a writ of habeas corpus must be **denied** and this action is dismissed with prejudice.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 5/14/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Alexis Dulworth
263455
Rockville Correctional Facility
Inmate Mail/Parcels
811 West 50 North
Rockville, IN 47872

Natalie Faye Weiss
Indiana Attorney General
natalie.weiss@atg.in.gov